ORIGINAL



E-filing

1  Douglas E. Dexter (State Bar No. 115868)
   Diego Acevedo (State Bar No. 244693)
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA 94104
   Telephone: (415) 954-4400
4  Facsimile: (415) 954-4480

5  Attorneys for Plaintiff
   SAMANTHA QUINTERO

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  SAMANTHA QUINTERO on behalf of        Case No.  **08  2294**
    herself and on behalf of a Class Comprised
12  of the Other Similarly Situated Former    **COMPLAINT FOR DAMAGES FOR**
    Employees of Defendants,                  **VIOLATIONS OF THE WORKER**
13                                            **ADJUSTMENT AND RETRAINING**
                 Plaintiff,                   **NOTIFICATION ACT (CLASS ACTION)**
14                                                                   MHP
    vs.
15
    MULBERRY NECKWEAR, LLC and
16  MULBERRY THAI SILKS, INC.,
                                              **DEMAND FOR JURY TRIAL**
17               Defendants.

18

19       Plaintiff, by and through her undersigned counsel, as and for her Complaint against

20  Mulberry Neckwear, LLC and Defendants Mulberry Thai Silks, Inc. (collectively, "Defendants"),

21  allege as follows:

22                            **NATURE OF THE ACTION**

23       1.      This is a class action for the recovery by Plaintiff and other similarly situated

24  employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by

25  reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and

26  Retraining Notification Act, 29 U.S.C. § 2101 et seq. and its California counterpart California

27  Labor Code §§ 1400 et seq. (collectively the "WARN Act"). Although Plaintiff was nominally

28  employed by Defendant Mulberry Neckwear LLC, pursuant to the WARN Act, the Defendants

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING
NOTIFICATION ACT (CLASS ACTION)                                    04401\1571374.1

1  constituted a "single employer." The Plaintiff was an employee of the Defendants and was

2  terminated as part of, or as a result of, a mass layoff ordered by the Defendants. As such, the

3  Defendants violated the WARN Act by failing to give the Plaintiff and other similarly situated

4  employees of the Defendants at least 60 days' advance notice of termination, as required by the

5  WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the

6  Defendants are entitled under the WARN Act to recover from the Defendants 60 days' wages and

7  ERISA benefits, none of which has been paid.

8  **JURISDICTION**

9  1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and

10  29 U.S.C § 2104 (a)(5).

11  2.    The violation of the WARN Act alleged herein occurred in this District.

12  3.    Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

13  **INTRADISTRICT ASSIGNMENT**

14  4.    In accordance with Civil Local Rule 3-2(d), this action is properly filed in the San

15  Francisco Division of this Court, as the violations alleged herein occurred in the county of Contra

16  Costa.

17  **THE PARTIES**

18  5.    On information and belief, at all relevant times, Defendant Mulberry Neckwear,

19  LLC ("Mulberry Neckwear") was a corporation authorized to conduct business in the State of

20  California.

21  6.    On information and belief, at all relevant times, Defendant Mulberry Thai Silks,

22  Inc. ("Mulberry Thai Silks") was a corporation authorized to conduct business in the State of

23  California.

24  7.    On information and belief, at all relevant times, Defendants, as a single employer,

25  maintained and operated a facility located at 880 Harbour Way South, Richmond, CA 94804 (the

26  "Facility"), which constituted a "covered establishment" pursuant to California Labor Code

27  § 1400(a).

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING          - 2 -                                  04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

1    8.    On information and belief, the Defendants, as single employer, employed

2    approximately 75 persons, including the Plaintiff, at the Facility.

3    9.    Prior to her termination, the Plaintiff was an employee who worked at the Facility.

4    10.    The Defendants constituted a "single employer" of the Plaintiff and the Class

5    members in that, among other things:

6    A.    On information and belief, Defendant Mulberry Thai Silks and Defendant

7    Mulberry Neckwear shared common officers and directors;

8    B.    On information and belief, Defendant Mulberry Neckwear was a wholly

9    owned subsidiary of Defendant Mulberry Thai Silks;

10    C.    On information and belief, Defendant Mulberry Thai Silks and Defendant

11    Mulberry Neckwear directly or indirectly owned and operated the Facility;

12    D.    On information and belief, Defendants jointly made the labor decisions.

13    concerning plaintiff's employment, including the decision to terminate their employment.

14    11.    On or about April 18, 2008, the Defendants each ordered and carried out a mass

15    layoff, as defined by the WARN Act, resulting in the termination of the employment of

16    approximately 60 employees who worked at or reported to the Facility.

17    12.    On or about April 18, 2008, the Plaintiff was terminated from her employment,

18    without cause on her part, by the Defendants.

19    13.    The Plaintiff brings this action on her own behalf and, pursuant to the Rules 23(a)

20    and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the other members of

21    the Class of employees who were terminated by Defendants as part of or as the reasonably

22    foreseeable result of the mass layoff ordered by Defendants on or about April 18, 2008.

23    14.    At all relevant times, the Defendants employed 100 or more employees, exclusive

24    of part-time employees, *i.e.*, those employees who had worked fewer than 6 of the 12 months

25    prior to the date notice was required to be given or who had worked fewer than an average of 20

26    hours per week during the 90 day period prior to the date notice was required to be given (the

27    "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at

28    least 4,000 hours per week exclusive of hours of overtime within the United States.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING          - 3 -                                    04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

1    15.    The terminations on or about April 18, 2008 of the employment of persons who
2    worked at the Facility for Defendants resulted in the loss of employment for at least 50 employees
3    excluding Part-Time Employees.

4    16.    The terminations on or about April 18, 2008 of the employment of persons who
5    worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted
6    in the loss of employment for at least 33% of the employees excluding Part-Time Employees.

7    17.    The Plaintiff and the other Class members were discharged without cause on their
8    part on or about April 18, 2008 or thereafter as the reasonably foreseeable consequence of the
9    terminations that occurred on or about April 18, 2008.

10    18.    The Plaintiff and each of the other Class members experienced an employment
11    loss as the reasonably expected consequence of the mass layoff, as that term is defined by 29
12    U.S.C. § 2101(a)(2) and California Labor Code §§1400 et seq., that occurred at the Facility on or
13    about April 18, 2008.

14    19.    Prior to their terminations, the Plaintiff and the other Class members did not
15    receive written notice at least 60 days in advance of the termination of their employment as
16    referenced by the WARN Act.

17    20.    As a result of the foregoing, Defendants Mulberry Thai Silks and Mulberry
18    Neckwear violated the requirement to provide the Plaintiff and other employees with 60 days
19    advance notice as provided by the WARN Act and the California WARN Act.

20                    **CLASS ACTION ALLEGATIONS**

21    21.    Each of the other Class members is similarly situated to the Plaintiff with respect
22    to his or her rights under the WARN Act.

23    22.    The Plaintiff and the other Class members constitute a Class within the meaning of
24    Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

25    23.    Common questions of law and fact are applicable to all members of the Class.

26    24.    The common questions of law and fact arise from and concern the following facts,
27    among others: that all Class members enjoyed the protection of the WARN Act; that all Class
28    members were employees of the Defendants who worked at the Facility; that the Defendants

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400
COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING                - 4 -                04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

1    terminated the employment of all the members of the Class without cause on their part; that the

2    Defendants terminated the employment of the members of the Class without giving them at least

3    60 days' prior written notice as required by the WARN Act; the Defendants failed to pay the

4    Class members wages and to provide other employee benefits for a 60-day period following their

5    respective terminations; and on information and belief, the issues raised by any affirmative

6    defenses that may be asserted by the Defendants.

7    25.    The Plaintiff's claims are typical of the claims of the other members of the Class in

8    that for each of the several acts of Defendants described above, the Plaintiff and each of the other

9    Class members is an injured party with respect to his/her rights under the WARN Act.

10    26.    The Plaintiff will fairly and adequately protect and represent the interests of the

11    Class.

12    27.    The Plaintiff has the time and resources to prosecute this action.

13    28.    The Plaintiff has retained the undersigned counsel who have had extensive

14    experience litigating WARN Act claims, employee rights' claims and other claims in Federal

15    court.

16    29.    The Class is so numerous as to render joinder of all members impracticable in that

17    there are approximately 60 members of the Class.

18    30.    The questions of law and fact common to the members of the Class predominate

19    over any questions affecting only individual members.

20    31.    A class action is superior to other available methods for the fair and efficient

21    adjudication of the controversy.

22    32.    No Class member has an interest in individually controlling the prosecution of a

23    separate action under the WARN Act.

24    33.    No litigation concerning the WARN Act rights of any Class member has been

25    commenced.

26    34.    Concentrating all the potential litigation concerning the WARN Act rights of the

27    Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING            - 5 -                                    04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

1    the resources of the parties and is the most efficient means of resolving the WARN Act rights of

2    all the Class members.

3         35.    On information and belief, the identity of the Class members is contained in the

4    Defendant's books and records.

5         36.    On information and belief, a recent residence address of each of the Class

6    members is contained in the Defendant's books and records.

7         37.    On information and belief, the rate of pay and the benefits that was being paid or

8    provided by the Defendants to each Class member at the time of his or her termination are

9    contained in the Defendant's books and records.

10        38.    The Class meets the requirements of Fed.R.Civ.P. 23(a) for Class certification.

11        39.    The Class also meets the requirements of Fed.R.Civ.P. 23(b)(1)(B) because

12   adjudications with respect to individual members of the Class would, as a practical matter, be

13   dispositive of the interests of the other members of the Class not parties to the adjudications or

14   substantially impair or impede their ability to protect their interests.

15        40.    In addition, the Class meets the requirements of Fed.R.Civ.P. 23(b)(3) because the

16   questions of law or fact common to the members of the Class predominate over any questions

17   affecting only individual members, and that a class action is superior to other available methods

18   for the fair and efficient adjudication of the controversy.

19        41.    Class certification is also proper pursuant to the WARN Act, 29 U.S.C.

20   § 2104(a)(5), which provides that a person seeking to enforce WARN Act liability may sue for

21   other persons similarly situated in any district court of the United States in which the violation is

22   alleged to have occurred, or in which the employer transacts business.

23        42.    Plaintiff anticipates that an opt-out notice will be sent to each putative Class

24   member pursuant to Fed.R.Civ.P. 23(c)(2)(B).

25        43.    As a result of the Defendants' violation of the WARN Act, each Class member is

26   entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries,

27   commissions bonuses and accrued pay for vacation and personal days for the work days in the 60

28   calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING                    - 6 -                        04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

1  to their respective terminations; and (b) his/her medical expenses incurred during the 60-day

2  period following their respective terminations that would have been covered and paid under the

3  Defendant's health insurance plan had that plan provided coverage for such period.

4      44.    The Defendants failed to pay the Plaintiff and the other Class members for the

5  Defendants' violation of the WARN Act in an amount equal to the sum of or any part of the sum

6  (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and

7  personal days for the work days in the 60 calendar days prior to their respective terminations and

8  their fringe benefits for 60 calendar days prior to their respective terminations and (b) their

9  medical expenses incurred during the 60 calendar days from and after the date of his/her

10  termination that would have been covered under the Defendants' benefit plans had those plans

11  remained in effect.

12      45.    Plaintiff hereby demands a jury trial of all issues that may be so tried.

13

14      WHEREFORE, the Plaintiff demands judgment as follows:

15      A.    In favor of the Plaintiff and each other Class member against the Defendants equal

16  to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal

17  days, for the work days in 60 calendar days prior to their respective terminations; (b) pension,

18  401(k) contributions, health and medical insurance and other fringe benefits for 60 calendar days

19  prior to their respective terminations; and (c) medical expenses incurred during the 60 calendar

20  day period following their respective terminations that would have been covered and paid under

21  the Defendants' health insurance plans had coverage under that plan continued for such period, all

22  determined in accordance with the WARN Act, 29 U.S.C § 2104 (a)(1)(A) and California Labor

23  Code §§ 1400 et seq.

24      B.    Appointment of the Plaintiff as Class Representative;

25      C.    Appointment of the undersigned as Class Counsel;

26  ///

27  ///

28  ///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING          - 7 -                                    04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

1    D.    In favor of the Plaintiff for the reasonable attorneys' fees and the costs and

2    disbursements of prosecuting this action, as authorized by the WARN Act;

3    E.    Interest as allowed by law; and

4    F.    Such other and further relief as this Court deems just and proper.

5

6    Dated: May 2, 2008                              FARELLA BRAUN & MARTEL LLP

7

8                                                    By:

9                                                          Diego F. Acevedo

10                                                   Attorneys for Plaintiff
                                                     SAMANTHA QUINTERO

11

12                                                   LANKENAU & MILLER, LLP
                                                     Stuart J. Miller (SJM 4276)

13                                                   132 Nassau Street, Suite 423
                                                     New York, NY 10038

14                                                   Telephone: (212) 581-5005
                                                     Facsimile: (212) 581-2122

15

16                                                   THE GARDNER FIRM, P.C.
                                                     Mary E. Olsen (OLSEM4818)

17                                                   M. Vance McCrary (MCCRM4402)
                                                     J. Cecil Gardner (GARDJ3461)

18                                                   1119 Government Street
                                                     P.O. Drawer 3103

19                                                   Mobile, AL 36652
                                                     Telephone: (251) 433-8100

20                                                   Facsimile: (251) 433-8181

21                                                   Cooperating Attorneys for the NLG Maurice
                                                     and Jane Sugar Law Center for Economic and

22                                                   Social Justice

23

24

25

26

27

28

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
THE WORKER ADJUSTMENT AND RETRAINING          - 8 -                              04401\1571374.1
NOTIFICATION ACT (CLASS ACTION)

℞ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

SAMANTHA QUINTERO, on behalf of herself and on behalf of a Class Comprised of Other Similarly Situated Former Employees of Defendants

## DEFENDANTS

MULBERRY NECKWEAR, LLC and MULBERRY THAI SILKS, INC.

**(b)** County of Residence of First Listed Plaintiff **Contra Costa County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **Contra Costa County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Douglas E. Dexter (SBN 115868)/Diego Acevedo (SBN 244693)
Farella Braun + Martel LLP          (415) 954-4400
235 Montgomnery Street, 17th Floor
San Francisco, CA 94104

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck · | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| | | | ☒ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 2101 et seq.

Brief description of cause:
Violation of Worker Adjustment and Retraining Notification Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ According to proof

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)        ☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
May 2, 2008

SIGNATURE OF ATTORNEY OF RECORD