Douglas E. Dexter (State Bar No. 115868)
email: ddexter@fbm.com
Diego Acevedo (State Bar No. 244693)
email: dacevedo@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
SAMANTHA QUINTERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA QUINTERO on behalf of herself and on behalf of a Class Comprised of the Other Similarly Situated Former Employees of Defendants,<br><br>Plaintiff,<br><br>vs.<br><br>MULBERRY THAI SILKS, INC., d/b/a MULBERRY NECKWEAR, LLC,<br><br>Defendant. | Case No. 08-02294 MHP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (CLASS ACTION)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her undersigned counsel, as and for her Complaint against Defendant Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear, LLC ("Defendant") alleges as follows:

**NATURE OF THE ACTION**

1. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. and its California counterpart California Labor Code §§ 1400 et seq. (collectively the "WARN Act"). Plaintiff was employed by Defendant Mulberry Neckwear LLC, pursuant to the WARN Act. The Plaintiff was an employee

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (CLASS ACTION)

23242\1614834.1

of the Defendant and was terminated as part of, or as a result of, a mass layoff ordered by the Defendant. As such, the Defendant violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendant at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the Defendant are entitled under the WARN Act to recover from the Defendant, 60 days' wages and ERISA benefits, none of which has been paid.

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

2. The violation of the WARN Act alleged herein occurred in this District.

3. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## INTRADISTRICT ASSIGNMENT

4. In accordance with Civil Local Rule 3-2(d), this action is properly filed in the San Francisco Division of this Court, as the violations alleged herein occurred in the county of Contra Costa.

## THE PARTIES

5. On information and belief, at all relevant times, Defendant Mulberry Thai Silks, Inc., d/b/a Mulberry Neckwear, LLC was a corporation authorized to conduct business in the State of California.

6. On information and belief, at all relevant times, Defendant maintained and operated a facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility"), which constituted a "covered establishment" pursuant to California Labor Code § 1400(a).

7. On information and belief, the Defendant, as single employer, employed approximately 75 persons, including the Plaintiff, at the Facility.

8. Prior to her termination, the Plaintiff was an employee who worked at the Facility.

9. On or about April 18, 2008, the Defendant ordered and carried out a mass layoff, as defined by the WARN Act, resulting in the termination of the employment of approximately 60 employees who worked at or reported to the Facility.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (CLASS ACTION)

- 2 -

23242\1614834.1

10. On or about April 18, 2008, the Plaintiff was terminated from her employment, without cause on her part, by the Defendant.

11. The Plaintiff brings this action on her own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the other members of the Class of employees who were terminated by Defendant as part of or as the reasonably foreseeable result of the mass layoff ordered by Defendant on or about April 18, 2008.

12. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.*, those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

13. The terminations on or about April 18, 2008 of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for at least 50 employees excluding Part-Time Employees.

14. The terminations on or about April 18, 2008 of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of employment for at least 33% of the employees excluding Part-Time Employees.

15. The Plaintiff and the other Class members were discharged without cause on their part on or about April 18, 2008 or thereafter as the reasonably foreseeable consequence of the terminations that occurred on or about April 18, 2008.

16. The Plaintiff and each of the other Class members experienced an employment loss as the reasonably expected consequence of the mass layoff, as that term is defined by 29 U.S.C. § 2101(a)(2) and California Labor Code §§1400 et seq., that occurred at the Facility on or about April 18, 2008.

17. Prior to their terminations, the Plaintiff and the other Class members did not receive written notice at least 60 days in advance of the termination of their employment as referenced by the WARN Act.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF THE WORKER ADJUSTMENT AND      - 3 -
RETRAINING NOTIFICATION ACT (CLASS ACTION)

23242\1614834.1

18. As a result of the foregoing, Defendant violated the requirement to provide the Plaintiff and other employees with 60 days advance notice as provided by the WARN Act and the California WARN Act.

## CLASS ACTION ALLEGATIONS

19. Each of the other Class members is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act.

20. The Plaintiff and the other Class members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

21. Common questions of law and fact are applicable to all members of the Class.

22. The common questions of law and fact arise from and concern the following facts, among others: that all Class members enjoyed the protection of the WARN Act; that all Class members were employees of the Defendant who worked at the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 60 days' prior written notice as required by the WARN Act; the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by any affirmative defenses that may be asserted by the Defendant.

23. The Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiff and each of the other Class members is an injured party with respect to his/her rights under the WARN Act.

24. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

25. The Plaintiff has the time and resources to prosecute this action.

26. The Plaintiff has retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims and other claims in Federal court.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (CLASS ACTION)

- 4 -

23242\1614834.1

27. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 60 members of the Class.

28. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

31. No litigation concerning the WARN Act rights of any Class member has been commenced.

32. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

33. On information and belief, the identity of the Class members is contained in the Defendant's books and records.

34. On information and belief, a recent residence address of each of the Class members is contained in the Defendant's books and records.

35. On information and belief, the rate of pay and the benefits that was being paid or provided by the Defendant to each Class member at the time of his or her termination are contained in the Defendant's books and records.

36. The Class meets the requirements of Fed.R.Civ.P. 23(a) for Class certification.

37. The Class also meets the requirements of Fed.R.Civ.P. 23(b)(1)(B) because adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to the adjudications or substantially impair or impede their ability to protect their interests.

38. In addition, the Class meets the requirements of Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF THE WORKER ADJUSTMENT AND    - 5 -
RETRAINING NOTIFICATION ACT (CLASS ACTION)

23242\1614834.1

affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Class certification is also proper pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a person seeking to enforce WARN Act liability may sue for other persons similarly situated in any district court of the United States in which the violation is alleged to have occurred, or in which the employer transacts business.

40. Plaintiff anticipates that an opt-out notice will be sent to each putative Class member pursuant to Fed.R.Civ.P. 23(c)(2)(B).

41. As a result of the Defendant's violation of the WARN Act, each Class member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

42. The Defendant failed to pay the Plaintiff and the other Class members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and their fringe benefits for 60 calendar days prior to their respective terminations and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendants' benefit plans had those plans remained in effect.

43. Plaintiff hereby demands a jury trial of all issues that may be so tried.

WHEREFORE, the Plaintiff demands judgment as follows:

A. In favor of the Plaintiff and each other Class member against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for the work days in 60 calendar days prior to their respective terminations; (b) pension,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF THE WORKER ADJUSTMENT AND          - 6 -
RETRAINING NOTIFICATION ACT (CLASS ACTION)

23242\1614834.1

1  401(k) contributions, health and medical insurance and other fringe benefits for 60 calendar days prior to their respective terminations; and (c) medical expenses incurred during the 60 calendar day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C § 2104 (a)(1)(A) and California Labor Code §§ 1400 et seq.

B.  Appointment of the Plaintiff as Class Representative;

C.  Appointment of the undersigned as Class Counsel;

D.  In favor of the Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act;

E.  Interest as allowed by law; and

F.  Such other and further relief as this Court deems just and proper.

Dated: June 16, 2008                    FARELLA BRAUN & MARTEL LLP


By:  /s/ Diego F. Acevedo
     Diego F. Acevedo

Attorneys for Plaintiff
SAMANTHA QUINTERO

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, NY  10038
Telephone:  (212) 581-5005
Facsimile:  (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
1119 Government Street
P.O. Drawer 3103
Mobile, AL  36652
Telephone:  (251) 433-8100
Facsimile:  (251) 433-8181

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (CLASS ACTION)

- 7 -

23242\1614834.1