1  Douglas E. Dexter (State Bar No. 115868)
   email: ddexter@fbm.com
2  Diego Acevedo (State Bar No. 244693)
   email: dacevedo@fbm.com
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  LANKENAU & MILLER, LLP
   Stuart J. Miller (SJM 4276) (*pro hac vice*)
7  132 Nassau Street, Suite 423
   New York, New York 10038
8  Telephone: (212) 581-5005
   Facsimile: (212) 581-2122
9
   THE GARDNER FIRM
10 Mary E. Olsen (OLSEM4818) (*pro hac vice*)
   M. Vance McCrary (MCCRM4402) (*pro hac vice*)
11 J. Cecil Gardner (GARDJ3461)
   1119 Government Street
12 Post Office Drawer 3103
   Mobile, AL 36652
13 Telephone: (251) 433-8100
   Fax: (251) 433-8181
14
   Cooperating Attorneys for the NLG Maurice and Jane
15 Sugar Law Center for Economic and Social Justice

16 Attorneys for Plaintiff
   SAMANTHA QUINTERO
17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20                      SAN FRANCISCO DIVISION

21

22 SAMANTHA QUINTERO on behalf of         Case No. 08-02294 MHP
   herself and on behalf of a Class Comprised
23 of the Other Similarly Situated Former   **PLAINTIFF SAMANTHA QUINTERO'S**
   Employees of Defendants,                 **MEMORANDUM OF POINTS AND**
24                                          **AUTHORITIES IN SUPPORT OF**
                  Plaintiffs,              **PLAINTIFF'S MOTION FOR CLASS**
25       vs.                               **CERTIFICATION AND OTHER RELIEF**

26 MULBERRY THAI SILKS, INC., d/b/a        Date:      September 22, 2008
   MULBERRY NECKWEAR, LLC,                 Time:      2:00 pm
27                                         Dept.:     15
                  Defendant.              Judge:     Hon. Marilyn H. Patel
28

                                                         23242\1710919.1

# TABLE OF CONTENTS

**Page**

I.    NATURE OF THE MATTER BEFORE THE COURT.................................................... 1

II.   PRIOR PROCEEDINGS ................................................................................. 1

III.  ARGUMENT .................................................................................................... 2

    A.    The Nature Of The WARN Act And Debtors' Violation Of The Act .................. 2

    B.    WARN Claims Are Widely Recognized By The Courts To Be Especially
        Appropriate For Class Certification And Plaintiffs' Proposed Class
        Definition Should Be Approved.................................................................................. 2

    C.    The Proposed Class Satisfies The Requirements Of Rule 23 ................................ 4

        1.    The Proposed Class Meets The Requirements Of Rule 23(a).................... 4

            a.    The Numerosity Requirement Is Satisfied ...................................... 4

            b.    Questions Of Law And Fact Are Common To All Members
                Of The Proposed Class...................................................................... 5

            c.    The Claims Of The Representative Parties Are Typical Of
                The Claims Of The Class .................................................................. 6

            d.    The Plaintiff Will Fairly And Adequately Protect The
                Interests Of The Class ....................................................................... 7

        2.    The Proposed Class Meets The Requirements Of Rule 23(b)(3)............... 8

    D.    This Court Should Appoint The Undersigned Class Counsel............................... 9

    E.    Appointment Of Class Representative ................................................................... 9

    F.    The Form And Manner Of Service Of Notice ...................................................... 9

IV.   CONCLUSION.......................................................................................................... 11

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**FEDERAL CASES**

4

*Ace Heating & Plumbing Co. v. Crane Co.,*
    453 F.2d 30 (3d Cir. 1971) ................................................................................................ 10

5

*Amchem Products v. Windsor,*

6
    521 U.S. 591 (1997) .......................................................................................................... 7

7
*APA Transport,*
    2005 WL 30779165 ........................................................................................................... 7

8

*Bledsoe v. Emery Worldwide Airlines,*

9
    258 F. Supp. 2d 780 (S.D. Ohio 2003) ............................................................................ 3

10
*Califano v. Yamasaki,*
    442 U.S. 682 (1979) .......................................................................................................... 5

11

*Cashman v. Dolce International/Hartford, Inc.,*

12
    225 F.R.D. 73 (D. Conn. 2004) ........................................................................................ 3

13
*Ciarlante v. Brown & Williamson Tobacco Corp.,*
    1995 WL 7645791 (E.D. Pa. Dec 18, 1995) ................................................................... 3

14

*Coggin v. Sears, Roebuck and Company,*

15
    155 B.R. 934 (E.D.N.C.1993) .......................................................................................... 5

16
*Cruz v. Robert Abbey, Inc.,*
    778 F. Supp. 605 (E.D.N.Y. 1991) .................................................................................. 3

17

*Cypress v. Newport News General & Nonsectarian Hospital Association,*

18
    375 F.2d 648 (4th Cir. 1967) ............................................................................................ 5

19
*Dura-Bilt Corp. v. Chase Manhattan Corp.,*
    89 F.R.D. 87 (S.D.N.Y. 1981) ......................................................................................... 6

20

*Eisen v. Carlisle & Jacquelin,*

21
    391 F.2d 555 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974) ................................. 7, 8

22
*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) .......................................................................................................... 3

23

*Finnan v. L.F. Rothschild & Co.,*

24
    726 F. Supp. 460 (S.D.N.Y. 1989) .................................................................................. 2

25
*In re First Alliance Mortgage Corp.,*
    269 B.R. 428 (D.C.D. Cal. 2001) ..................................................................................... 3

26

*General Telegraph Co. v. Falcon,*

27
    457 U.S. 147 (1982) .......................................................................................................... 5

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Grimmer v. Lord, Day & Lord,*
    937 F. Supp. 255 (S.D.N.Y. 1996) ............................................................... 2

*Grunin v. International House of Pancakes,*
    513 F.2d 114 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S. Ct. 124 (1975) .............. 10

*Jones v. Kayser-Roth Hosiery,*
    748 F. Supp. 1276 (E.D. Tenn. 1990) ......................................................... 3

*Jurcev v. Central Community Hospital,*
    7 F.3d 618 (7th Cir. 1993) ...................................................................... 3

*In re Kaiser Group International,*
    278 B.R. 58 (Bankr. D. Del. 2002) .......................................................... 5

*New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.,*
    1994 U.S. Dist. LEXIS 2403 (E.D. La. 1994) .......................................... 3

*Pearson v. Component Technology Corp.,*
    247 F.3d 471 (3d Cir. 2001) .................................................................. 3

*Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,*
    323 F. Supp. 364 (E.D. Pa. 1970), *aff'd sub nom Ace Heating & Plumbing Co. v.
    Crane Co.,* 453 F.2d 30 (3d Cir. 1971) ................................................. 10

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797 (1985) ............................................................................. 8

*Reyes v. Greater Texas Finishing Corp.,*
    19 F. Supp. 2d 709 (W.D. Tex. 1998) ...................................................... 3

*Rodger v. Electronic Data Systems Corp.,*
    160 F.R.D. 532 (E.D.N.C. 1995) ............................................................. 8

*Steiner v. Equimark Corp.,*
    96 F.R.D. 603 (W.D. Pa. 1983) .............................................................. 10

*Trist v. First Federal Saving & Loan Association,*
    89 F.R.D. 1 (E.D. Pa. 1980) .................................................................. 10

*Weinberger v. Kendrick,*
    698 F.2d 61 (2d Cir. 1983) ................................................................... 10

*White v. National Football League,*
    41 F.3d 402 (8th Cir. 1994) .................................................................. 10

**FEDERAL STATUTES**

29 U.S.C.
    § 2101(a)(5) .................................................................................... 1, 2, 4
    § 2102(a) ......................................................................................... 2

1

## TABLE OF AUTHORITIES
**(continued)**

2

**Page**

3

§ 2104 ............................................................................................... 2
§ 2104(a)(5) ...................................................................................... 2

4

Federal Rules of Civil Procedure

5

Rule 23 .................................................................................... *passim*
Rule 23(a)(1) ..................................................................................... 4

6

Rule 23(a)(2) .................................................................................. 4, 5
Rule 23(a)(3) ..................................................................................... 4

7

Rule 23(a)(4) ..................................................................................... 4
Rule 23(b) .......................................................................................... 4

8

Rule 23(b)(3) ............................................................................ 4, 8, 10
Rule 23(c)(2)(B) ......................................................................... 10, 11

9

## STATE STATUTES

10

California Labor Code

11

§ 1400(a) ........................................................................................... 1

12

## OTHER AUTHORITY

13

3 NEWBERG ON CLASS ACTIONS (4th ed. 2002)
§ 7.9 .................................................................................................. 3

14

1 NEWBERG ON CLASS ACTIONS (4th ed. 2002)

15

§ 3:4 .................................................................................................. 5
§ 3:5 .................................................................................................. 5

16

§ 3:13 ................................................................................................ 6

17

18

19

20

21

22

23

24

25

26

27

28

1   **I.      NATURE OF THE MATTER BEFORE THE COURT**

2          Plaintiff Samantha Quintero seeks an order (a) certifying a  class, pursuant to the Federal

3   Rule of Procedure 23, comprised of all persons who worked at or reported to Defendant's facility

4   located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility"), which constituted a

5   "covered establishment" pursuant to California Labor Code section 1400(a) and were terminated

6   without cause on or about April 18, 2008, were terminated without cause within 30 days of

7   April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of

8   the mass layoff or plant closing ordered by Defendants on or about April 18, 2008, and who are

9   affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who do not file a timely

10  request to opt-out of the class (the "Class"); (b) appointing Farella, Braun + Martel LLP, The

11  Gardner Firm, P.C. and Lankenau & Miller, LLP as Class Counsel, (c) appointing Plaintiff

12  Samantha Quintero as the class representative, (d) approving the form and manner of notice to the

13  class of this class action, and (e) granting such other and further relief as this Court may deem

14  proper.

15  **II.     PRIOR PROCEEDINGS**

16         On May 2, 2008, Plaintiff filed a Class Action Adversary Proceeding Complaint against

17  Defendant, which was amended on June 16, 2008.  The Amended Complaint alleges a Rule 23

18  class claim asserting that the Defendant violated the federal WARN Act and its California state

19  law counterpart.  The Complaint alleges that Defendant employed more than 100 employees who

20  worked at least 4,000 hours per week within the United States; and that the Defendant effected a

21  "mass layoff" or "plant closing", as defined in the WARN Act, at their Facility, located at 880

22  Harbour Way South, Richmond, CA 94804, that resulted in the loss of employment for at least 50

23  employees and at least 33% of the employees of the Facility, excluding Part-Time Employees.

24         The Complaint further alleges that the Plaintiff and the other similarly situated former

25  employees terminated on or about April 18, 2008, worked at the Facility, and were discharged

26  without cause; that all these former employees, as well as other employees who suffered a loss of

27  employment as the reasonably foreseeable consequence of the mass layoff or plant closing are

28  "affected employees", as defined by 29 U.S.C. § 2101(a)(5); that these former employees did not

1    receive from the Defendant 60 days' advance written notice, as required by the WARN Act; and

2    that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the

3    WARN Act.  The Complaint further alleges that the proposed class meets the requirements of

4    Federal Rule of Civil Procedure 23.

5        Defendant failed to respond to the original complaint and amended complaint.  Plaintiff

6    moved for default on July 25, 2008 and an order of default was entered on August 7, 2008.

7    **III.    ARGUMENT**

8        **A.    The Nature Of The WARN Act And Debtors' Violation Of The Act.**

9        The WARN Act provides a rather simple mandate: before instituting a "plant closing" or

10   "mass layoff," an employer must provide sixty days' written notice to employees and to relevant

11   local government entities.  *See* 29 U.S.C. § 2102(a).  A covered employer is one that employs at

12   least 100 full-time employees, 29 U.S.C. § 2101(a)(1), and there is no dispute about coverage

13   here.

14       Defendant chose not to give sixty days' notice under the WARN Act to the employees

15   who would lose their jobs.  The violation of the law was stark and obvious.

16       The WARN Act provides a cause of action for any employee who suffers a covered

17   employment loss without having received the statutorily-required notice.  *See* 29 U.S.C. § 2104.

18   And notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings

19   to enforce the law and to obtain the statutory relief:  "A person seeking to enforce such liability

20   . . . may sue either for such person or for other persons similarly situated, or both, in any district

21   court of the United States . . ."  *See* 29 U.S.C. § 2104(a)(5).  Our effort to obtain relief not only

22   for the named Plaintiff, but for others similarly situated, is an effort to pursue that goal which the

23   statute expressly recognizes as appropriate.

24       **B.    WARN Claims Are Widely Recognized By The Courts To Be Especially
            Appropriate For Class Certification And Plaintiffs' Proposed Class Definition
25          Should Be Approved.**

26       Courts have regularly held that the WARN Act is "particularly amenable to class

27   litigation."  *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *see also*

28   *Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) ("[T]he WARN Act provisions

1  lend themselves to class action because they provide for limited recovery."); *New Orleans Clerks*

2  *and Checkers Union Local 1497 v. Ryan-Walsh, Inc*., 1994 U.S. Dist. LEXIS 2403 (E.D. La.

3  1994) ("the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning

4  a class").

5         Thus, violations of the WARN Act have given rise to numerous class action cases and

6  class certification is routinely granted. *See, e.g., In re First Alliance Mortgage Corp*., 269 B.R.

7  428, 444 (D.C.D. Cal. 2001); *Pearson v. Component Technology Corp*., 247 F.3d 471 (3d Cir.

8  2001) (former employees brought representative action on behalf of other employees against

9  employer's secured creditor under the WARN Act); *Jurcev v. Central Community Hospital*, 7

10  F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed brought, on behalf

11  of other former employees, an action against the hospital under the WARN Act); *Jones v. Kayser-*

12  *Roth Hosiery*, 748 F. Supp. 1276 (E.D. Tenn. 1990) (former employees brought action under

13  WARN Act on behalf of other employees); *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp.

14  2d 780 (S.D. Ohio 2003); *Cashman v. Dolce International/Hartford, Inc*., 225 F.R.D. 73 (D.

15  Conn. 2004); *Cruz v. Robert Abbey, Inc*., 778 F. Supp. 605 (E.D.N.Y. 1991); *Reyes v. Greater*

16  *Texas Finishing Corp*., 19 F. Supp. 2d 709 (W.D. Tex. 1998).

17         The merits of the action are ***not*** to be considered in weighing class certification.  *Eisen v.*

18  *Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or

19  history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits

20  of a suit in order to determine whether it may be maintained as a class action . . .  'In determining

21  the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a

22  cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are

23  met.'").  *See also Ciarlante v. Brown & Williamson Tobacco Corp*., 1995 WL 764579*1, 11 IER

24  Cases 513 (E.D. Pa. Dec 18, 1995) (holding that because the issue of whether a location was a

25  single site of employment affected the merits, it could not be considered on a motion for class

26  certification); 3 NEWBERG ON CLASS ACTIONS (4th ed. 2002) § 7.9.

27         Plaintiff alleges in her Complaint that she and other similarly situated former employees

28  who worked at the Facility were terminated on or about April 18, 2008, and were discharged

without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees," as defined by 29 U.S.C. § 2101(a)(5); that these former employees did not receive from the Defendant 60 days' advance written notice, as required by the WARN Act; and that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act.

As the layoffs took place on or about April 18, 2008 (See Declaration of Samantha Quintero in support of Plaintiff's Motion for Class Certification filed concurrently herewith ("Plaintiff's Decl."); and Declaration of Stuart Miller in support of Plaintiff's Motion for Class Certification filed concurrently herewith ("Miller Decl."), the proposed Class definition is as follows:

> All persons who worked at or reported to Defendant's facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility") and were terminated without cause on or about April 18, 2008, were terminated without cause within 30 days of April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on or about April 18, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who do not file a timely request to opt-out of the class (the "Class").

The proposed class definition should be approved.

### C.    The Proposed Class Satisfies The Requirements Of Rule 23.

Class certification requires that each of the four prerequisites for class certification set forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied and that, in addition, at least one of the subparts of Rule 23(b) – here 23(b)(3) – be satisfied.  As shown below, the prerequisites for class certification are clearly present in this action.

### 1.    The Proposed Class Meets The Requirements Of Rule 23(a).

Federal Rule of Civil Procedure 23(a) provides as follows:

> **Prerequisites to a Class Action**.  One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest

1    of the class.

2          **a.    The Numerosity Requirement Is Satisfied.**

3          Federal Rule of Civil Procedure 23(a)(1) requires that the class sought to be certified be

4    "so numerous that joinder of all members is impracticable."  This prerequisite, however, does not

5    require that joinder be impossible.  *Coggin v. Sears, Roebuck and Company*, 155 B.R. 934, 937

6    (E.D.N.C.1993); *see also* 1 NEWBERG ON CLASS ACTIONS, § 3:4 at 230 (4th ed. 2002) (it is

7    important to remember that "[i]mpracticable does not mean impossible").  No specific number is

8    needed to maintain a class action.  *Cypress v. Newport News General & Nonsectarian Hospital

9    Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967).  Rather, an "application of the rule is to be considered

10   in light of the particular circumstances of the case."  *Cypress*, 375 F.2d at 653.  Classes consisting

11   of forty or more persons "should have a reasonable chance of success on the basis of number

12   alone."  1 NEWBERG, *supra* § 3:5 at 248. Indeed, a class of approximately 60 claimants, as is the

13   case here, is clearly enough to satisfy Rule 23(a)(1).  *See, e.g., In re Kaiser Group Int'l*, 278 B.R.

14   58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of

15   approximately 47 members was sufficiently numerous to justify certification).

16

17         **b.    Questions Of Law And Fact Are Common To All Members Of
                    The Proposed Class.**

18

19         The second prerequisite of class certification is that "there be questions of law or fact

20   common to the class."  Fed. R. Civ. P. 23(a)(2).  "[C]lass relief is 'peculiarly appropriate' when

21   the 'issues involved are common to the class as a whole' and they 'turn on questions of law

22   applicable in the same manner to each member of the class.'  For in such cases, 'the class-action

23   device saves the resources of both the courts and the parties by permitting an issue potentially

24   affecting every [class member] to be litigated in an economical fashion under Rule 23.'"  *General

25   Tel. Co. v. Falco*n, 457 U.S. 147, 155 (1982), quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-

26   701 (1979).

27         Here, the Plaintiff claims that she and the other Class Members were terminated as part of

28   a common plan stemming from the Defendant's decision to conduct a mass layoff and/or plant

1    closing at their Facility.  Additionally, the factual and legal questions stem from a common core

2    of facts regarding the Defendant's actions and a common core of legal issues regarding every

3    Class Member's rights, as follows:  (a) Defendant employed more than 100 employees; (b) all the

4    Class Members are protected by the WARN Act; (c) the Class Members were employees of the

5    Defendant; (d) the Defendant discharged the Class Members on or about April 18, 2008, in

6    connection with a mass layoff or plant closing; (e) the Class Members were "affected

7    employees", as they lost their employment as a result of the mass layoff or plant closing; (f) the

8    Defendant terminated the employment of the Class Members without cause; (g) the Defendant

9    terminated the employment of the Class Members without giving them at least 60 days' prior

10   written notice as required by the WARN Act; and (h) the Defendant failed to pay the Class

11   Members 60 days' wages and benefits.

12        In short, virtually ***all*** the issues are common to the Class and the only differences are

13   minor, namely, the rate of pay and the date of termination.

14

15                        **c.    The Claims Of The Representative Parties Are Typical Of The
                                  Claims Of The Class.**

16        Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the

17   representative parties [be] typical of the claims or defenses of the class."  The typicality

18   requirement is met when the representative Plaintiff's claims arise from a course of conduct by

19   Defendant that also gives rise to the claims of other Class Members based on the same legal

20   theory.  *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981);

21   1 NEWBERG, *supra* at § 3:13 at 326 (4th ed. 2002) ("'Typicality refers to the nature of the claim

22   or defense of the class representative, and not to the specific facts from which it arose or the relief

23   sought.'").  The question is whether the class representative's claim has the same essential

24   characteristics as the claims of the class at large.  *Id.*  If the elements of the cause of action to be

25   proved by the representative is the same as those of the class, the claim is typical.  *Id.*

26        Here, the Class Representative (i.e., the Plaintiff) suffered the same type of injury as the

27   rest of the Class and, there are no conflicts of interest between the representative of the Class and

28   the other Class Members (Plaintiff's Decl. ¶ 6.)  The Defendant's failure to comply with the

1   requirements of the WARN Act represents a single course of conduct resulting in injury to all

2   Class Members including the Plaintiff.  Neither the Plaintiff nor other Class Members received 60

3   days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act

4   (Plaintiff's Decl. ¶ 6.)

5          Thus, the factual situation of the Class Representative and the legal theories upon which

6   the action is grounded are not only typical of the entire Class, but are identical.

7                        **d.      The Plaintiff Will Fairly And Adequately Protect The Interests
8                                  Of The Class.**

9          Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only

10  if "the representative parties will fairly and adequately protect the interests of the class."  This

11  element requires a two-step analysis.  First, the court must determine whether the named class

12  representatives have interests that "are free from conflicts of interest with the class they seek to

13  represent."  *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997).  Second, the court must find

14  that the class would be represented by qualified counsel.  *APA Transport*, 2005 WL 3077916*5.

15         The first element of Rule 23(a)(4) is met in this case because, as set forth above, no

16  divergence exists between the interests of the proposed Class Representative and the interests of

17  the Class as a whole.

18         The second element of Rule 23(a)(4) is met because Plaintiff's counsel are "qualified,

19  experienced and generally able to conduct the proposed litigation."  *Eisen v. Carlisle &*

20  *Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974).  Their

21  background can be summarized as follows:

22         •   Mr. Miller of the New York based firm Lankenau & Miller, LLP, has over 18
               years of litigation experience, in both state and federal courts, on a variety of
23             legal matters including WARN and other employment rights matters (Miller
               Decl. ¶ 10-13).  Over the past eight years, he has specialized in WARN
24             litigation, has been, or is now, counsel in some 75 WARN actions and his firm
               has been appointed class counsel in some 30 of these actions including several
25             WARN Act class action litigations in this court (*Id*.).  John Lankenau, who is
               of counsel to the firm, has over 50 years of litigation experience and has
26             actively participated in the litigation of some 100 WARN actions, the majority
               in bankruptcy courts, since August 1997 (*Id*.).
27
28         •   Mary Olsen of The Gardner Firm in Mobile, Alabama, has nearly 14 years
               (admitted to practice in 1994) experience in labor and employment litigation.

1
2

She and her partner, Vance McCrary (admitted to practice in 2001) have served as class counsel in at least five other WARN class actions and have extensive experience in handling matters of this type (Miller Decl. ¶ 14.)

3
4
5
6
7

- The firm of Farella, Braun + Martel LLP, has been in existence for over 46 years. The firm represents clients in all aspects of civil litigation and business transactions. Douglas E. Dexter, the chair of Farella Braun + Martel's Employment Practice Group, will serve as local counsel for the plaintiffs. Mr. Dexter has over 20 years of experience in litigating employment disputes, including multiple WARN act cases. Diego F. Acevedo, an associate in Farella, Braun + Martel's Employment Practice Group, will assist Mr. Dexter as local counsel. (Miller Decl. ¶ 16.)

8
9

Accordingly, the four prerequisites of Rule 23(a) for class certification are met in this action.

10

**2.      The Proposed Class Meets The Requirements Of Rule 23(b)(3).**

11
12
13

In addition to meeting the prerequisites for class certification under Rule 23(a), a class must meet only one of the three alternative requirements for treatment as a class action under Rule 23(b). Here, the class meets the requirements of Rule 23(b)(3).

14
15
16
17

Class certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

18
19
20
21
22
23
24
25

Considerations of judicial economy and efficiency are of paramount importance and, where, as here, determination of the common, predominant issues shared by the class members will dispose of the matter, class certification should be ordered. *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532 (E.D.N.C. 1995). A class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-67. As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

26
27
28

In addition, Federal Rule of Civil Procedure 23(b)(3) requires that the Plaintiff demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Rule 23(b)(3) to guide the court's

1  determination as to whether a class action is superior and whether issues of fact and law common

2  to Class Members predominate over individual matters:

3          (A) the interest of members of the class in individually controlling
            the prosecution or defense of separate actions; (B) the extent and
4          nature of any litigation concerning the controversy already
            commenced by or against members of the class; (C) the desirability
5          or undesirability of concentrating the litigation of the claims in the
            particular forum; (D) the difficulties likely to be encountered in the
6          management of a class action.

7          Here, neither the Plaintiff nor any of the other Class Members have an interest in

8  individually controlling the prosecution of separate actions.  (Plaintiff's Decl. ¶ 12.)  To

9  Plaintiff's knowledge no other litigation concerning the controversy has been commenced. (*Id.*)

10  Concentrating the WARN litigation in a class action will avoid multiple suits.  Finally, the

11  difficulties in managing this litigation as a class action are few:  the Class Members can be easily

12  identified; the potential liability of the Defendant can be readily calculated; and there is but one

13  combined course of conduct – that of the Defendant – to examine and adjudicate. (*Id.* )

14          Since the requirements of Rule 23 have all been met, as discussed above, class

15  certification should be granted.

16          **D.**     **This Court Should Appoint The Undersigned Class Counsel.**

17          As shown in the Declaration of Stuart Miller, Plaintiff's counsel is qualified and has been

18  actively and diligently prosecuting this action.  Further, as stated in the Miller Declaration, the

19  Plaintiff is being represented by attorneys who are highly experienced in class action litigation

20  under the WARN Act and have been appointed Class Counsel in some 30 WARN class actions

21  (*See* Miller Decl. ¶ 7.)

22          **E.**     **Appointment Of Class Representative.**

23          Plaintiff's counsel request that Samantha Quintero be appointed Class Representative. The

24  Plaintiff has been diligent in pursuing the Class claim and has worked with counsel in initiating

25  and prosecuting the action; she has no conflict of interest with other Class Members; and she has

26  and will fairly and adequately represent the interests of the Class (Plaintiff's Decl. ¶¶ 10, 11.)  For

27  these reasons, Plaintiff's counsel asks that the Plaintiff be appointed Class Representatives.

28

1

### F.    The Form And Manner Of Service Of Notice.

2    Plaintiff further submits that service of the proposed Notice of Class Action by First Class

3    Mail, postage prepaid, to each member of the Class at the member's last known address as shown

4    on the Defendant's records is the best notice practicable under all the circumstances (See Miller

5    Decl., Ex. A.)

6    Federal Rule of Civil Procedure 23(c)(2)(B) mandates that for any class certified under

7    Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances,

8    including individual notice to potential class members and that the notice must concisely and

9    clearly state in plain, easily understood language:

10    •    the nature of the action,

11    •    the definition of the class certified,

12    •    the class claims, issues or defenses,

13    •    that a class member may enter an appearance through counsel if the member so
        desired,

14

15    •    that the court will exclude from the class any member who requests exclusion,
        stating when and how members may elect to be excluded, and

16    •    the binding effect of a class judgment on class members under Rule 23(c)(3).

17    Rule 23(c)(2)(B).

18    Although no rigid standards govern the contents of notice to Class Members, the notice

19    must "fairly apprise the prospective members of the Class of the [proceedings] and of the options

20    that are open to them in connection with [the] proceedings," *Grunin v. International House of*

21    *Pancakes*, 513 F.2d 114, 122 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124 (1975), quoting

22    *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp.

23    364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating & Plumbing Co. v. Crane Co*., 453 F.2d 30

24    (3d Cir. 1971).  Individual mailings to each Class Member's last known address is appropriate.

25    *White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinberger v. Kendrick*,

26    698 F.2d 61, 71 (2d Cir. 1983); *Steiner v. Equimark Corp*., 96 F.R.D. 603, 614 (W.D. Pa. 1983);

27    *Trist v. First Federal Saving & Loan Ass'n*, 89 F.R.D. 1, 2 (E.D. Pa. 1980).

28    Here, the contents of the proposed Notice are sufficient.  The Notice summarizes the

1   nature of the pending WARN Act litigation and apprises the proposed Class, among other things,

2   of the Class definition, of the claims, the issues, that complete information regarding the action is

3   available upon request from Class Counsel, that any Class Member may opt-out of the Class, that

4   if they do not opt-out, they will be bound by any judgment or settlement in the litigation and that

5   if they do not opt-out, they may appear by their own counsel.  In short, the proposed Notice

6   satisfies all the requirements of Rule 23(c)(2)(B).

7        The names and addresses of all the putative Class Members are contained in Defendant's

8   records.  Once Plaintiff has been provided with those, Plaintiff's counsel will mail the Notice of

9   Class Action by First Class Mail, postage prepaid to the last known address of each of the

10  putative Class Members so that they will have at least 30 days from the date of the mailing, to

11  object to Class certification and to opt-out of the Class. Plainly, this is the best practicable notice

12  under the circumstances.

13  **IV.    <u>CONCLUSION</u>**

14       For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order

15  granting Plaintiff's Motion in all respects.

16  Dated: September 4, 2008                    FARELLA BRAUN + MARTEL LLP

17

18                                              By:  _____/s/ Diego F. Acevedo_____

19                                                       Diego F. Acevedo

                                                Attorneys for Plaintiff
20                                              SAMANTHA QUINTERO

21                                              LANKENAU & MILLER, LLP
22                                              Stuart J. Miller (SJM 4276)
                                                132 Nassau Street, Suite 423
23                                              New York, NY  10038
                                                Telephone:  (212) 581-5005
24                                              Facsimile:  (212) 581-2122

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
1119 Government Street
P.O. Drawer 3103
Mobile, AL  36652
Telephone:  (251) 433-8100
Facsimile:  (251) 433-8181

Cooperating Attorneys for the NLG Maurice and
Jane Sugar Law Center for Economic and Social
Justice