Douglas E. Dexter (State Bar No. 115868)
email: ddexter@fbm.com
Diego Acevedo (State Bar No. 244693)
email: dacevedo@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

THE GARDNER FIRM
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Fax: (251) 433-8181

Cooperating Attorneys for the NLG Maurice and
Jane Sugar Law Center for Economic and Social
Justice

**Attorneys for Plaintiff**
SAMANTHA QUINTERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA QUINTERO on behalf of herself and on behalf of a Class Comprised of the Other Similarly Situated Former Employees of Defendants,<br><br>Plaintiff,<br><br>vs.<br><br>MULBERRY THAI SILKS, INC., d/b/a | Case No. 08-02294 MHP<br><br>**DECLARATION OF STUART MILLER IN SUPPORT OF PLAINTIFF SAMANTHA QUINTERO'S MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF** |

MULBERRY NECKWEAR, LLC,

                    Defendant.

## DECLARATION OF STUART MILLER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

Stuart J. Miller hereby declares the following under penalty of perjury:

1.      I am a member of Lankenau & Miller, LLP, one of the law firms that represent the Plaintiff in this action, employees of the Defendant who were terminated without cause from their employment at the Defendant's facility located at 880 Harbour Way South, Richmond, CA 94804.

2.      This declaration is submitted in support of the Plaintiff's Motion for an order (a) certifying a class, pursuant to the Federal Rule of Procedure 23, comprised of all persons who worked at or reported to Defendant's facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility"), which constituted a "covered establishment" pursuant to California Labor Code § 1400(a)and were terminated without cause on or about April 18, 2008, were terminated without cause within 30 days of April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about April 18, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who do not file a timely request to opt-out of the class (the "Class"); (b) appointing Farella, Braun + Martel, LLP, The Gardner Firm, P.C. and Lankenau & Miller, LLP as Class Counsel, (c) appointing Plaintiff Samantha Quintero as the class representative, (d) approving the form and manner of notice to the class of this class action, and (e) granting such other and further relief as this Court may deem proper.

2

## BACKGROUND

3. Until April 18, 2008, Defendant operated a facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facilitiy").  On April 18, 2008, the Defendant conducted mass layoffs and/or plant closings at the Facility.

## THE COMPLAINT

4. On May 2, 2008, Plaintiff filed a Class Action Adversary Proceeding Complaint against Defendant, which was amended on June 16, 2008.  The Amended Complaint alleges a Rule 23 class claim asserting that the Defendant violated the federal WARN Act and its California state law counterpart.  The Complaint alleges that Defendant employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that the Defendant effected a "mass layoff" or "plant closing", as defined in the WARN Act, at their Facility, located at 880 Harbour Way South, Richmond, CA 94804, that resulted in the loss of employment for at least 50 employees and at least 33% of the employees of the Facility, excluding Part-Time Employees.

5. The Complaint further alleges that the Plaintiff and the other similarly situated former employees terminated on or about April 18, 2008, worked at the Facility, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees", as defined by 29 U.S.C. § 2101(a)(5); that these former employees did not receive from the Defendant 60 days' advance written notice, as required by the WARN Act; and that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act.  The Complaint further alleges that the proposed class meets the requirements of Fed.R.Civ.P. 23.

6.    Defendant failed to respond to the original complaint and amended complaint.

Plaintiff moved for default on July 25, 2008 and an order of default was entered on August 7,

2008.

## THE PROPOSED CLASS

7.    The proposed Class consists of the Plaintiffs and the approximately 60 other

former employees of the Defendant who were terminated without cause on or about April 18,

2008, as part of or as the reasonably expected consequence of the mass layoff and/or plant

closing at the Facility.  The proposed Class definition is as follows:

> All persons who worked at or reported to Defendant's facility
> located at 880 Harbour Way South, Richmond, CA 94804 (the
> "Facility") and were terminated without cause on or about April
> 18, 2008, were terminated without cause within 30 days of April
> 18, 2008, or were terminated without cause as the reasonably
> foreseeable consequence of the mass layoff or plant closing
> ordered by Defendant on or about April 18, 2008, and who are
> affected employees, within the meaning of 29 U.S.C. § 2101(a)(5)
> who do not file a timely request to opt-out of the class (the
> "Class").

8.    As is more fully discussed in the accompanying Motion, the proposed class

satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification: the

proposed Class is numerous; questions of law and fact are common to all members of the class;

the Plaintiff's claims are typical of the claims of the Class; the Plaintiff will fairly and adequately

protect the interests of the Class; the questions of law and fact common to the class members

predominate over any questions affecting individual members; and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY OF THE PLAINTIFFS TO ACT AS A CLASS REPRESENTATIVE

9.    As shown by the accompanying declaration, the Plaintiff was employed by

Defendant and was terminated without cause during the relevant period.  Plaintiff has no conflict

of interest with other Class Members and has and will diligently prosecute this action and represent the interests of the Class.

## THE DILIGENT PROSECUTION OF THE ACTION

10.    Plaintiff, both through counsel and otherwise, have diligently prosecuted this action. Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of the Plaintiff and the other employees laid-off by Defendant. Having concluded that a WARN violation had occurred, counsel then prepared and served the Complaint and Amended Complaint asserting a class claim under the WARN Act, and its California counterpart, against Defendant.

## THE SUITABILITY OF PLAINTIFFS' COUNSEL TO ACT AS CLASS COUNSEL

The following attorneys will have responsibility for this matter:

**Lankenau & Miller, LLP**

a.    **Stuart J. Miller**

11.    I am a 1982 graduate of Brooklyn College and a 1987 graduate of Columbia Law School. I was admitted to practice before the courts of the State of New York in 1988. I have been engaged primarily as a litigator handling cases including trials and hearings. Since August 1997, I have actively been involved in the WARN litigations handled by Lankenau & Miller, LLP and have personally handled over 75 WARN cases, the majority of which were in bankruptcy court. John Lankenau, who is of counsel to the firm, has over 50 years of litigation experience and has actively participated in the litigation of some 100 WARN actions, the majority in bankruptcy courts, since August 1997.

12.    During the last eight years, I have been or am now counsel in more than 75 WARN actions. Among the many WARN matters I have handled are the following: From 1996

5

through 1999, I was counsel to some 180 former Jamesway Corporation employees in an

adversary proceeding brought in Bankruptcy Court in the Southern District of New York. That

action resulted in the recovery under the WARN Act of nearly $1 million from the Jamesway

estate. In 1998 and 1999, I was counsel in a class action adversary proceeding brought by some

250 former employees of Global Shopping Network, Inc. to recover 60 days of pay and benefits

under the WARN Act in Bankruptcy Court for the Southern District of New York. This

proceeding resulted in the recovery of about $1.2 million under the WARN Act. From May

2000 through 2004, my firm along with other counsel represented WARN class claimants in the

Charter Behavioral Health Systems Bankruptcy Court in Wilmington, Delaware. In that action,

my firm along with four other firms was appointed class counsel for a class numbering nearly

5,000 persons. That WARN class action was settled for some $15 million. From November

2001 to late 2004, I represented former employees of InaCom Corporation in a WARN action

brought in the Delaware Bankruptcy Court. Eventually, a class of some 4,800 former employees

was certified, my firm was appointed class counsel, and in late 2002, the suit was settled for

approximately $3.7 million. My firm is also counsel to more than 5,000 WARN claimants in

some 15 other pending bankruptcy and district court class and individual actions.

       13.     My firm has been appointed class counsel in some 30 WARN actions, including

among others, In re Charter Behavioral Health Systems, LLC, Case No. 00-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 (Bankr.

Del.); In re Classic Kitchens, Case No. 01-20393T (Bankr. E.D. Pa.); In re Global Broadcasting,

Co., Inc., et al, Case No. 97B 44268 (PCB) (Bankr. S.D.N.Y.); In re Preston Trucking Co. Inc.,

Case No. 99-5830 (JFS) (Bankr. Md. Baltimore Division); In re Value America, Inc., Case No.

00-2269-WA3 (Bankr. W.D. Va.); In re Living.com, Inc., Case No. 00-12522 (Bankr. W.D.

Texas); In re Tultex Corp. Case No. 99-03626-WA4-11 (Bankr. W.D. Va.); Ballentine et. v.

Triad International Maintenance Corporation, Case No. 01-CV-10357-BC (E.D. Mich.); Baker, et al. v. National Machinery Company, et al., Case No. 3:02CV7444 (N.D. Ohio), Barajas et al v. Gonzalez Inc, et al., Case No. 02-15508 (Bankr. D. Ariz.), Walsh, et al. v. Consolidated Freightways Corporation, Case No. 03-1074 MG (Bank. C.D.Cal), Gardner, et al. v. Pillowtex Corporation, et al., Case No. 03-60213 (Bank. D. Del.), and Bandel et al. v. L.F. Brands Marketing, Inc. et al.,Case No. 04-CV-1672 (S.D.N.Y.). My firm has never been denied appointment as Class Counsel in a WARN action.

**The Gardner Firm**

**b.    Mary E. Olsen**

14.    Mary E. Olsen is a partner at The Gardner Firm in Mobile, Alabama.  She attended the University of Alabama School of Law and was admitted to the practice of law in Alabama in 1994 and in Florida in 1995.  She is listed in Naifeth and Smith "The Best Lawyers in America," Labor and Employment Law, in the most recent edition of that publication. Her practice primarily involves labor and employment litigation.  She regularly litigates employment cases before the state and federal courts in Alabama and has also litigated cases in the state and federal courts of Florida.  She has served as class counsel in at least eight other WARN Act class actions, in addition to this one, securing favorable results for all the classes.  Some of those WARN Act class actions include:  Charter Behavioral Health Systems, Inc., et al., Case No. 00-00989-01089 (Bankr. D. Del.) (class of approximately 5000 employees seeking WARN Act pay); Eleanor Hoffman, et al. and International Association of Machinists and Aerospace Workers, Local Union No. 261, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991 and Glass, Molders, Pottery, Plastics and Allied Workers, Local 338, on Behalf of Bargaining Unit Employees of Mobile Pulley and

Machine Works vs. Mobile Pulley and Machine Works and Mobile Pulley, LLC, Case No. 02-15612 (Bankr. S.D.Ala.) (class of approximately 45 employees, and three unions seeking WARN Act pay); Walsh, et al. v. Consolidated Freightways Corporation, Case No. 03-1074 MG (Bank. C.D.Cal); Grady, et al. v. Quantegy, Inc., Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay). She also serves as class counsel in Allen, et al. v. Alabama State Department of Education, et al. Case No. 2:81CV-697-T (M.D.Ala.) (class suing the state alleging that teacher certification exams were discriminating against blacks). Additionally, she has successfully handled many administrative hearings conducted by the National Labor Relations Board, the Alabama State Tenure Commission, local school boards, the Mobile County Personnel Board, labor arbitrators and departments of human resources.

c.    **M. Vance McCrary**

15.    M. Vance McCrary is a partner at The Gardner Firm. He attended the University of Alabama School of Law, graduating in 2001. He is admitted to practice law in the state and federal courts of Alabama, as well as the Eleventh Circuit U.S. Court of Appeals and the U.S. Supreme Court. He has assisted in the litigation of mass tort, class action, toxic tort and complex product liability claims. His current practice primarily involves labor and employment litigation and toxic torts. Mr. McCrary regularly litigates labor and employment cases before state and federal courts and state and federal agencies, and he has also successfully handled many administrative hearings. Mr. McCrary has served as class counsel in at least five WARN Act class actions which include, among others, a case styled Grady, et al. v. Quantegy, Inc., Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay). Additionally, he is class counsel in Allen, et al. v. Alabama State Department of Education, et

8

al., Case No. 2:81CV-697-T (M.D.Ala.) (class suing the state alleging that teacher certification exams were discriminating against blacks). He also serves as lead class counsel in two state court class actions in Mobile County, Alabama, styled <u>Cazalas, et al. v. Mobile County Board of School Commissioners, et al.,</u> Case No. CV-04-3935 (class of several hundred employees seeking injunctive relief) and <u>Martin, et al. v. Mobile County Board of School Commissioners, et al.,</u> Case No. CV-05-447 (class of several hundred employees seeking injunctive relief).

**d.  Farella, Braun + Martel, LLP-Douglas Dexter and Diego Acevedo,  Local Counsel**

16.    The firm of Farella, Braun + Martel, LLP, has been in existence for  over 46 years.  The firm represents clients in all aspects of civil  litigation and business transactions. Douglas E. Dexter the chair of  Farella Braun, and Martel's Employment Practice Group will serve as  local counsel for the plaintiffs. Mr. Dexter has over 20 years of  experience in litigating employment disputes, including multiple WARN  act cases.  Diego F. Acevedo, an associate in Farella, Braun, + Martel's  Employment Practice Group, will assist Mr. Dexter as local counsel.

17.    I submit that Plaintiffs' counsel are well-suited to serve as class counsel, they have no conflict of interest, and, as shown above, have diligently prosecuted this action and should be appointed Class Counsel.

**<u>THE FORM AND MANNER OF NOTICE TO THE CLASS</u>**

18.    As shown by the accompanying Motion, the Proposed Notice to the class satisfies the requirements for such a notice.  The Notice fairly apprizes the class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (annexed as Exhibit A).

19.    The motion seeks approval of service of the Class Notice by first class mail sent to the address of each class member shown in the records of the Defendant. As discussed in the Motion, service in this manner is proper.

## CONCLUSION

20.    In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declaration of Plaintiff in support of this motion, this Court should enter an order (a) certifying a class, pursuant to the Federal Rule of Civil Procedure 23, comprised of all persons who worked at or reported to one of the Defendant's facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility") and were terminated without cause on or about April 18, 2008, were terminated without cause within 30 days of April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on or about April 18, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who do not file a timely request to opt-out of the class (the "Class"); (b) appointing Farella, Braun + Martel, LLP, The Gardner Firm, P.C. and Lankenau & Miller, LLP as Class Counsel, (c) appointing Plaintiff Samantha Quintero as the class representative, (d) approving the form and manner of notice to the class of this class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: August 21, 2008

STUART J. MILLER

1  Douglas E. Dexter (State Bar No. 115868)
   email:  ddexter@fbm.com
2  Diego Acevedo (State Bar No. 244693)
   email:  dacevedo@fbm.com
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  LANKENAU & MILLER, LLP
   Stuart J. Miller (SJM 4276) (*pro hac vice*)
7  132 Nassau Street, Suite 423
   New York, New York 10038
8  Telephone: (212) 581-5005
   Facsimile: (212) 581-2122
9
   THE GARDNER FIRM
10 Mary E. Olsen (OLSEM4818)  (*pro hac vice*)
   M. Vance McCrary (MCCRM4402)  (*pro hac vice*)
11 J. Cecil Gardner (GARDJ3461)
   1119 Government Street
12 Post Office Drawer 3103
   Mobile, AL  36652
13 Telephone: (251) 433-8100
   Fax: (251) 433-8181
14
   Cooperating Attorneys for the NLG Maurice and Jane
15 Sugar Law Center for Economic and Social Justice

16 Attorneys for Plaintiff
   SAMANTHA QUINTERO
17

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20              SAN FRANCISCO DIVISION

21

22 SAMANTHA QUINTERO on behalf of          Case No. 08-02294 MHP
   herself and on behalf of a Class Comprised
23 of the Other Similarly Situated Former      **[PROPOSED] NOTICE OF CLASS ACTION**
   Employees of Defendants,
24                                            Date:      September 22, 2008
                    Plaintiffs,              Time:      2:00 pm
25                                            Dept.:     15
          vs.                                Judge:     Hon. Marilyn H. Patel
26 MULBERRY THAI SILKS, INC., d/b/a
   MULBERRY NECKWEAR, LLC,
27
                    Defendant.
28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

[Prop.] Notice of Class Action
Case No. 08-2294 MHP

23242\1711854.1

1

### [PROPOSED] NOTICE OF CLASS ACTION

2

3

TO:    All former employees of Defendant, Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear, LLC, who worked at Defendants' Facility, located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility") and who were terminated without cause on or about April 18, 2008, or were terminated without cause within 30 days of April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about April 18, 2008.

4

5

6

SUBJECT:    The right to participate in a lawsuit to recover 60 days' wages and benefits for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et. seq. and its California counterpart California Labor Code §§ 1400 et seq. (collectively the "WARN Act").

7

8

9

DATE:    _____, 2008

10

### The Nature of the Action

11

12

    Samantha Quintero (the "Plaintiff"), a former employee, has filed a lawsuit under the WARN Act in the United States District Court for the Northern District of California, against Defendant for the recovery of 60 days' wages and benefits for each class member.  The name and case number of the lawsuit is Samantha Quintero, on her own behalf and on behalf of all other persons similarly situated, v. Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear, LLC; Case No. 08-02294 MHP  (the "Action").

13

14

15

16

    The Plaintiff claims that under the WARN Act she and the other former employees were terminated without cause on or about April 18, 2008, or were terminated without cause within 30 days of April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on or about April 18, 2008.

17

18

19

    The Plaintiff claims that Defendant violated the WARN Act by failing to give its employees 60 days' advance written notice of their terminations, and, having not received such notice, the employees are entitled to a claim for 60 days' wages and benefits under the WARN Act.

20

21

### The Issues

22

    The Defendant has failed to respond to the Complaint in this matter and an entry of default was made against the Defendant on August 7, 2008.

23

24

    If Plaintiff is successful in proving damages, class members who do not opt-out will be entitled to their unpaid wages and benefits, for each day that they did not receive written notice of their impending termination, up to a maximum of 60 days.

25

26

### The Definition of the Class

27

28

    The Court has recently certified this case as a class action.  The Class is defined as: All persons who worked at or reported to Defendant's facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility") and were terminated without cause on or about April 18,

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

[Prop.] Notice of Class Action
Case No. 08-2294 MHP                    - 2 -                    23242\1711854.1

1    2008, were terminated without cause within 30 days of April 18, 2008, or were terminated
2    without cause as the reasonably foreseeable consequence of the mass layoff or plant closing
3    ordered by Defendant on or about April 18, 2008, and who are affected employees, within the
     meaning of 29 U.S.C. § 2101(a)(5) who do not file a timely request to opt-out of the class (the
4    "Class").

5
                        **Class Counsel and Class Representative**
6
     The Plaintiffs are represented by Lankenau & Miller LLP, 132 Nassau Street, Suite 423, New
7    York, New York 10038, (212) 581-5005, The Gardner Firm, 1119 Government Street, Mobile,
     Alabama 36604, (251) 433-8100, and Douglas E. Dexter and Diego F. Acevedo of Farella,
8    Braun & Martel, LLP, 235 Montgomery Street, 17th Floor, San Francisco, CA 94104, (415)
     954-4400. These firms have recently been appointed Class Counsel by the Court.
9
            The Court has also recently appointed Plaintiff as the Class Representative.
10
                                    **What to Do**
11
            **If you wish to be a member of the class, you do not need to do anything and you will**
12   **receive whatever benefits you, as a Class Member, may be entitled to receive. If you do**
     **nothing, you will automatically be a Class Member and be bound by any judgment**
13   **(whether favorable or unfavorable) or court-approved settlement in the Class. Before court**
     **approval, you, as a Class Member, will receive notice of any proposed settlement and will be**
14   **afforded an opportunity to object to the settlement. You may appear by your own counsel,**
     **if you are a Class Member.**
15
            **If you do not wish to participate in this Action, and wish to be excluded and, thereby,**
16   **reserve your rights under the WARN Act and not share in any recovery in the Action,**
     **check the box in the opt-out form below, and sign and mail that form by certified mail,**
17   **return receipt requested, to The Gardner Firm, 1119 Government Street, Mobile, Alabama**
     **36604, Attn: Mary E. Olsen. The form must be received by Ms. Olsen by no later than**
18   **_____, 2008. All requests for exclusion received after that date will not be effective, and**
     **any person who sends a late request will be a member of the class in the Action and will be**
19   **bound in the same way and to the same extent as all other Class Members.**
20
            **The Court has also taken no position regarding the merits of Plaintiff's claims.**
21   **Please do not call or contact the Court for information.**
22
            **If you wish information or assistance, please contact Mary Olsen of The Gardner**
23   **Firm at (251) 433-8100.**
24

25

26

27

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

[Prop.] Notice of Class Action            - 3 -                                    23242\1711854.1
Case No. 08-2294 MHP