UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA QUINTERO on behalf of herself and on behalf of a Class Comprised of the Other Similarly Situated Former Employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>MULBERRY THAI SILKS, INC., d/b/a MULBERRY NECKWEAR, LLC,<br><br>Defendant. / | No. C 08-02294 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion for Class Certification and Other Relief** |

On May 2, 2008, plaintiff Samantha Quintero ("Quintero") brought this class action against Mulberry Thai Silks, Inc., d/b/a Mulberry Neckwear, LLC ("Mulberry"), alleging violations of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. ("the WARN Act") and its California counterpart, California Labor Code §§ 1400 et seq. ("the California provisions"). Now before the court is plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23. Having considered the parties arguments, plaintiff's submissions and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

On June 16, 2008, plaintiff filed a first amended complaint, setting forth the following factual allegations: Mulberry is a California corporation with a facility at 880 Harbour Way South, Richmond, CA ("Facility"). See Pl.'s First Amended Complaint at ¶¶ 5–6. Mulberry employed one hundred or more employees who worked at least four thousand hours per week within the United States. Id. at ¶ 12. Mulberry employed approximately seventy-five employees, including Quintero,

at the Facility. Id. at ¶ 7. On or about April 18, 2008, Mulberry ordered a mass layoff of Facility employees, which resulted in the termination of at least fifty employees, excluding part-time employees. Id. at ¶¶ 9, 13, 14. At least thirty-three percent of the employees, excluding part-time employees, lost employment because of the terminations on or about April 18, 2008 or as the reasonably expected consequence of the terminations. Id. at ¶ 14. Approximately sixty similarly situated employees, including plaintiff, had worked at or reported to the Facility, and were discharged without cause on or about April 18, 2008 or thereafter. Id. at ¶¶ 9, 15. Prior to their terminations, Mulberry did not serve Quintero and the other class members a written notice sixty days before the mass layoff, and Mulberry did not provide these class members with their wages and benefits for the sixty days following the mass layoff. Id. at ¶ 17.

On August 7, 2008, after defendant failed to file a responsive pleading to plaintiff's first amended complaint, an order of default was entered against defendant. On September 4, 2008, plaintiff filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23. No written opposition was filed by defendant. At the September 22, 2008 hearing on the matter, defendant's counsel of record appeared. Although the defendant's counsel of record opposed plaintiff's motion to certify the class, he did not provide any reasons against certifying the class. No reasons were provided because the defendant's counsel of record did not know of any grounds to oppose class certification and he did not want to impede future counsel.

LEGAL STANDARD

Motion for Class Certification

To certify a class, the four prerequisites enumerated in Rule 23(a) must be satisfied, as well as at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23. Under Rule 23(a), the party seeking class certification must establish: (1) that the class is so large that joinder of all members is impracticable ("numerosity"); (2) that there are one or more questions of law or fact common to the class ("commonality"); (3) that the named parties' claims are typical of the class ("typicality"); and (4) that the class representatives will fairly and adequately protect the interests of other members of the class ("adequacy of representation"). Fed. R. Civ. P. 23(a). In addition to the explicit

1  requirements set out by Rule 23(a), the class definition must set forth a class which is ascertainable
2  and clearly identifiable.  Lamumba Corp. v. City of Oakland, No. 05-2712, 2007 WL 3245282 (N.D.
3  Cal. Nov. 2, 2007) (Patel, J.).  Finally, a party seeking class certification must also show that one of
4  Rule 23(b)'s provisions applies.  Fed. R. Civ. P. 23(b); Amchem Prods., Inc. v. Windsor, 521 U.S.
5  591, 614 (1997).

6        The party seeking class certification bears the burden of establishing that the requirements of
7  Rule 23(a) and (b) have been met.  Zinser v. Accufix Research Inst., 253 F.3d 1180, 1186
8  (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001); Hanon v. Dataproducts Corp., 976 F.2d
9  497, 508 (9th Cir. 1992).  When adjudicating a motion for class certification, the court accepts the
10 allegations in the complaint as true so long as those allegations are sufficiently specific to permit an
11 informed assessment as to whether the requirements of Rule 23 have been satisfied.  Blackie v.
12 Barrack, 524 F.2d 891, 901 (9th Cir. 1975).  The merits of the class members' substantive claims are
13 generally irrelevant to this inquiry.  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177–78 (1974); see
14 also Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983).  However, courts may
15 "consider evidence which goes to the requirements of Rule 23 even though the evidence may also
16 relate to the underlying merits of the case."  Hanon, 976 F.2d at 509, citing In re Unioil Sec. Litig.,
17 107 F.R.D. 615, 618 (C.D. Cal. 1985); see also Moore, 708 F.2d at 480 ("some inquiry into the
18 substance of a case may be necessary to ascertain satisfaction of the commonality and typicality
19 requirements of Rule 23(a)").

20

21 DISCUSSION
22       Plaintiff seeks to certify as members of the class all of the persons who worked at or reported
23 to the Facility and were terminated without cause within a thirty day period surrounding the April
24 18, 2008 date of the mass layoff ordered by defendant or as an otherwise reasonably foreseeable
25 consequence of that mass layoff, who are affected employees, within the meaning of 29 U.S.C.
26 section 2101(a)(5), and who do not file a timely request to opt-out of the class.  See Miller Dec. ¶ 7.
27       As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party
28 seeking class certification must demonstrate that an identifiable and ascertainable class exists.  "An

1  implied prerequisite to certification is that the class must be sufficiently definite." Whiteway v.
2  FedEx Kinko's Office & Print Servs., Inc., 2006 WL 2642528, at *3 (N.D. Cal. 2006).  "A class
3  definition should be precise, objective, and presently ascertainable," though "the class need not be so
4  ascertainable that every potential member can be identified at the commencement of the action."
5  O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998) (internal quotations
6  omitted).  Plaintiff's proposed class consists of former employees of Mulberry who worked at a
7  specific location within a definite time period.  This proposed class definition is based on an
8  objective determination that can be readily identified, e.g., through employment records.
9  Accordingly, the court finds this class of persons sufficiently ascertainable and identifiable.  The
10 court now turns to an examination of the explicit Rule 23(a) requirements for class certification.

11 I.      Rule 23(a) Requirements

12      A.      Numerosity

13 Pursuant to Rule 23, the class must be "so numerous that joinder of all members is
14 impracticable." Fed. R. Civ. P. 23(a)(1).  As a general rule, classes numbering greater than forty
15 individuals satisfy the numerosity requirement.  See 5 James Wm. Moore et al., Moore's Federal
16 Practice § 23.22[1][b] (3d ed. 2004).  Although plaintiffs need not allege the exact number or
17 identity of class members to satisfy the numerosity prerequisite, mere speculation as to the number
18 of parties involved is not sufficient to satisfy the numerosity requirement.  See Freedman v.
19 Louisiana-Pac. Corp., 922 F. Supp. 377, 398 (D. Or. 1996).  Plaintiff "must proffer evidence of the
20 number of members in the purported class, or at least a reasonable estimate of that number." 5
21 James Wm. Moore et al., Moore's Federal Practice § 23.22[3] (3d ed.2004).

22 Plaintiff's first amended complaint alleges the purported class includes approximately sixty
23 employees who were terminated within a thirty day period surrounding the April 18, 2008 date of
24 the mass layoff or as an otherwise reasonably foreseeable consequence of that mass layoff.  The
25 court finds that the numerosity requirement is satisfied.

26      B.      Commonality

27 To fulfill the commonality prerequisite of Rule 23(a)(2), plaintiff must establish that there
28 are questions of law or fact common to the class as a whole. Fed. R. Civ. P. 23(a)(2).  Rule 23(a)(2)

4

does not mandate that each member of the class be identically situated, but only that there be substantial questions of law or fact common to all. Harris v. Palm Spring Alpine Estates, Inc., 329 F.2d 909, 914 (9th Cir. 1964). Individual variation among plaintiffs' questions of law and fact does not defeat underlying legal commonality, because "the existence of shared legal issues with divergent factual predicates is sufficient" to satisfy Rule 23. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). In the Ninth Circuit, the requirements of Rule 23(a)(2) are to be construed "permissively." Id.

The claims of plaintiff and the proposed class arise from a common core of facts and legal issues. Plaintiff alleges Mulberry was an employer under the WARN Act and the California provisions with more than one hundred employees. Plaintiff alleges the proposed class members were Mulberry employees. Plaintiff alleges Mulberry ordered a mass layoff, and the putative class members were discharged without cause on or about April 18, 2008 or thereafter as a reasonably foreseeable consequence. Plaintiff further alleges these proposed class members did not receive the required written notice sixty days before the mass layoff, and Mulberry did not provide wages and benefits for the required sixty days following the mass layoff. Plaintiff claims these facts create liability under the WARN Act and the California provisions and entitle recovery for each class member. The court finds these factual contentions concerning Mulberry's mass layoff and the legal applicability of the WARN Act and the California provisions to each proposed class member sufficiently shared so as to meet the requirement of commonality.

C.   Typicality

Under Rule 23(a)(3), the claims of the representative plaintiff must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). To be considered typical for purposes of class certification, the named plaintiff need not have suffered an identical wrong. See Hanlon, 150 F.3d at 1020. Rather, the claims of the putative class must be "fairly encompassed by the named plaintiff's claims." General Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 156 (1982) (internal quotation omitted). The Ninth Circuit has held that "[w]here the challenged conduct is a policy or practice that affects all class members, the underlying issue presented with respect to typicality is similar to that

presented with respect to commonality, although the emphasis may be different." Armstrong v. Davis, 275 F.3d 849, 868–69 (9th Cir. 2001).

Quintero, as representative plaintiff, alleged that she suffered the same injury as the rest of the proposed class. Quintero alleges that she and the proposed class members were Mulberry employees, who were terminated as a result of Mulberry's mass layoff. Quintero and the proposed class members claim injuries because Mulberry did not provide prior written notice or subsequent wages and benefits as required under the WARN act and the California provisions. Based on the allegations, Quintero's claims are identical to the proposed class. They arise from the same course of conduct which gives rise to the claims of the other proposed class members. Thus, the typicality requirement is satisfied.

D.   Adequacy

Rule 23(a)(4) dictates that the representative plaintiff must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). To satisfy constitutional due process concerns, unnamed class members must be afforded adequate representation before entry of a judgment that binds them. See Hanlon, 150 F.3d at 1020, citing Hansberry v. Lee, 311 U.S. 32, 42–43 (1940). "Adequate representation depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." Crawford v. Honig, 37 F.3d 485, 487 (9th Cir. 1994) (internal quotation omitted). A determination of legal adequacy rests on the resolution of two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? Hanlon, 150 F.3d at 1020.

As to the first question, in this case, plaintiff and her counsel appear to have no conflicts of interest with any the members of the class. As discussed above, the interests of Quintero and the putative class members are sufficiently aligned. As to the second question, plaintiff and her counsel have demonstrated their intent to vigorously prosecute this action. Plaintiff has timely sought relief for defendant's alleged violations. By seeking class certification shortly after the default entry, plaintiff has prosecuted with efficiency. Moreover, plaintiff's counsel has extensive experience

6

prosecuting claims as class actions under the WARN Act.  See Miller Dec. ¶¶ 10–17.  The court finds that Quintero and her counsel will fairly and adequately protect the interests of the class. Accordingly, the adequacy of representation requirement has been satisfied.

II.     Rule 23(b) Requirements

In addition to meeting the prerequisites for class certification under Rule 23(a), a class must also meet one of the three alternative requirements for treatment as a class action under Rule 23(b). Fed. R. Civ. P. 23.  In this case, plaintiff alleges that the class meets the requirements of Rule 23(b)(3).  Class certification pursuant to Rule 23(b)(3) requires plaintiff to establish that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  The court examines each of these two requirements in turn.

A.      Predominance

The predominance inquiry "focuses on the relationship between the common and individual issues."  Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001).  Consequently, the presence of common issues of fact or law sufficient to satisfy the requirements of Rule 23(a)(2) is not by itself sufficient to show that those common issues predominate.  Hanlon, 150 F.3d at 1022.  Nonetheless, "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."  Id. (internal quotations omitted).  The predominance inquiry focuses on whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." Culinary/Bartender Trust Fund, 244 F.3d at 1162, quoting Amchem, 521 U.S. at 623.  Central to this inquiry is "the notion that the adjudication of common issues will help achieve judicial economy." Zinser, 253 F.3d at 1189, quoting Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).

Plaintiff asserts that factual and legal issues arising from defendant's plant closing on April 18, 2008 are common to the claims arising under the WARN Act and the California provisions for

7

each class member. The class members' claims may only diverge with respect to the damages for each individual class member. Accordingly, because the common questions predominate over the individual differences, the court finds that plaintiff has satisfied the predominance requirement.

### B. Superiority

The second prerequisite for certification of a class under Rule 23(b)(3) requires plaintiff to show that a class action is superior to other methods available for the adjudication of the parties' dispute. "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." Valentino, 97 F.3d at 1234. In considering whether a class action is superior, the court must focus on whether the interests of "efficiency and economy" would be advanced by class treatment. Zinser, 253 F.3d at 1189 (internal quotations omitted). Relevant factors include:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

Considering these factors, the court finds a class action would be superior to individual adjudications. Plaintiff asserts that many of the claims are small, and that the class members would most likely be financially unable and not sufficiently motivated by such small amounts to pursue their claims individually. Plaintiff is unaware of any other pending litigation with claims involving the WARN Act or the California provisions between any other class member and defendant. See Quintero Dec. ¶ 12. The desirability of adjudicating the claims in one forum is favored because the class members' claims are based on the mass layoff at the Facility, and a class action will avoid multiple individual actions. There are minimal case management issues because the class members can be easily identified, the potential liability of defendant can be readily calculated, and the claims are centered around defendant's course of conduct. Thus, plaintiff has satisfied the Rule 23(b)(3) requirements.

8

CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1) Plaintiff's motion for class certification is **GRANTED**. Plaintiff's motion to certify pursuant to Rule 23(b)(3) is **GRANTED**.

2) The class certified herein is defined as follows: All persons who worked at or reported to defendant's facility located at 880 Harbour Way South, Richmond, CA 94804 (the "Facility") and were terminated without cause on or about April 18, 2008, were terminated without cause within 30 days of April 18, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by defendant on or about April 18, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who do not file a timely request to opt-out of the class (the "Class").

3) The named class representative is Samantha Quintero.

4) The counsel of named plaintiff is counsel for the class.

5) The proposed form of Notice to the Class is approved. Plaintiff shall set the matter on calendar for the purpose of determining when class notice should be mailed and for the setting of future dates.

**IT IS SO ORDERED.**

Dated: October 21, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9